(20 Misc. Rep. 439.)

DAMUTH v. LEE et al.

(Supreme Court, Trial Term, Lewis County. May, 1897.)

WILLS—CONSTRUCTION.

     Testator devised to two daughters a farm, with a provision that they should pay to a third daughter $3,000, in $500 yearly payments, and, in default of such payments, devised said third daughter 60 acres of the farm. *Held,* that where the daughters to whom the farm was devised, be--

fore the first installment to their sister became due, notified her that they could not pay it, and that she could take the 60 acres, as provided in said clause, they were not also chargeable with the $3,000.

Action by Ida E. Damuth against Jennie M. Lee and Jessamine Lee. Complaint dismissed.

Thomas F. Kearns, for plaintiff.
Charles S. Mereness, for defendants.

HISCOCK, J. Lafayette Lee had a wife and three daughters, two of them, the defendants, by said wife, and one of them, the plaintiff, by a former wife. On or about February 14, 1896, he died, leaving the real estate hereinafter mentioned, and also a last will and testament, which was thereafter admitted to probate, and the sixth clause of which read as follows:

"I give, devise, and bequeath to my daughters Jennie M. Lee and Jessamine Lee my homestead farm, on which I now live, situate in the town of Martinsburgh, Lewis county, N. Y., consisting of about two hundred and fifty-four acres of land, to be equally divided between them, share and share alike; and I direct that said Jennie M. Lee and Jessamine Lee shall pay to Ida E. Damuth three thousand dollars, to be paid in five hundred dollar yearly payments, the first payment to be made one year from the time of my death; and, in default of such payments or any of them, I give and devise to said Ida E. Damuth sixty acres of said homestead farm on the north side of said farm, and next to Martin Sheldon's farm, and to be wide enough to contain sixty acres of land to run the whole length of said farm, to have and to hold the same during her natural life, and after her death I give, devise, and bequeath to the children all the real and personal property that said Ida E. Damuth receives from my estate, to be equally divided between them, share and share alike."

Before the date when the first installment of said $3,000 became due, defendants in substance notified plaintiff that they could not pay said sum, and that she could take the 60 acres of land, as provided in said clause. Defendants, with their mother, entered into the occupation and possession of the farm mentioned in said clause, except said 60 acres, of which they did not take possession.

It is claimed by plaintiff that, by this devise and by defendants' acceptance of said portion of said farm, they became personally and irrevocably charged with the payment of said sum of $3,000, and that in addition thereto, if they made default in the payment of any installment, they were to lose said 60 acres of land, by its passage under the terms of said will to plaintiff and her children. There is no dispute between the parties about the general doctrine of charging the payment of a legacy upon the real estate devised, or upon the devisee thereof personally, or, as I understand it, that this clause and the acceptance by said defendants of said devise, in whole or in part, would accomplish such result, except for the latter part of the clause, providing certain results in case defendants made default in the payment of the legacy. It is urged by defendants that the fair construction and meaning of this whole clause, taken together, is that, if defendants retained the whole farm, then they were to pay plaintiff the sum mentioned, as a fair equivalent of what otherwise might be her natural interest in the land, but that, on the other hand, they were not to be personally charged with such

payment, the remedy and compensation to plaintiff for their failure to make it being furnished in the then transfer of nearly a quarter of the real estate to her, in lieu of the money. I believe that this is the reasonable interpretation of the clause. Ordinarily, where a legacy is charged upon a devisee personally, the very act which makes him so chargeable likewise vests in him the title to the real estate, and the result of his default to pay is a liability to proceedings to enforce such payment. He is not by such default devested of his title to the real estate. The same act which makes him liable to an action for the legacy does not at the same time deprive him of the estate which furnishes the compensation and consideration for his liability. The only theory upon which plaintiff seeks to sustain her theory of this case is that the last provision of the clause in question, providing for a transfer of the title of the 60 acres from defendants to plaintiff in case the former did not pay the legacy, was intended to provide a penalty for the failure to pay; that is, if defendants paid five of the six installments provided, and should be unable to pay the latter, they were to be punished for such failure by losing the entire 60 acres. This construction and interpretation, as stated, does not seem to me so reasonable as that urged by defendants. The spirit of the law is against penalties and forfeitures, and there must be found a very clear intention to exact and impose them, which I do not think is expressed by the clause in question.

Evidence has been given with reference to some of the surroundings of the parties, with reference to the value of the real estate, etc., but none which, in my judgment, is sufficient to overthrow the views above expressed. It is urged by plaintiff that the provision of the clause which says that "all the real and personal property" that said plaintiff might receive from the testator should be equally divided between her children sustains her view of this case, that she was not only to hold the defendants liable personally for the payment of the $3,000, but also in a certain contingency to receive the real estate. The words in question, however, if as important as claimed by plaintiff, do not require her construction. They would be as well satisfied by the happening of a contingency that defendants, having paid plaintiff one or two installments, might be unable to pay the remainder, and keep the real estate, in which case the plaintiff would have received from the testator's estate both personal and real estate. The complaint is therefore dismissed, with costs, and findings may be prepared in accordance therewith.

Complaint dismissed, with costs.